# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50240 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Kingdom Authority, et al. vs. City of Rockford, at al. | | |

**DOCKET ENTRY TEXT:**

Defendant Poole's motion to compel responses to production requests 9 and 10 by Defendant City of Rockford [62][70] is granted. Defendant City of Rockford is to respond to Defendant Poole's request within a reasonable time, but not later than 2/22/2011.

*/s/ P. Michael Mahoney*

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

    This case stems from an unfortunate incident in which Defendants North and Poole were involved in a shooting that resulted in the death of Mark Barmore. Defendants North and Poole are both police officers who were employed by Defendant City of Rockford (hereinafter referred to as "the City") at the time of the shooting, and continue to be employed by the City at this time. Two civil cases have been filed against Defendants North, Poole, and the City, which have been consolidated for the purposes of discovery. Plaintiff Maryann Barmore filed suit, both in her personal capacity and in her capacity as special administrator of the decedent's estate, alleging wrongful death and survivorship claims. Plaintiffs in the second case, comprised of the entities that control the facility in which Mr. Barmore was shot and at least a dozen individuals who were present at the time of the shooting, have alleged state and federal law claims based on negligent and intentional infliction of emotional distress, false imprisonment, negligent retention, and loss of income.

    Because Defendant Poole has filed a motion to compel against the City, a co-defendant, the court will briefly address the procedural history of this case. In response to the Plaintiffs' complaints, counsel for the City entered appearances and filed answers on behalf of all defendants in both cases on November 30, 2009. Counsel for the City continued to represent all Defendants until July 28, 2010, at which time the court allowed counsel for the City to withdraw as counsel for Defendant Poole based on the understanding that the City discovered it had a conflict and could no longer represent Defendant Poole. On August 18, 2010, the court similarly allowed counsel for the City to withdraw as to Defendant North. It is the court's understanding that Defendants North and Poole each retained private counsel at the expense of the City.

    Now, Defendant Poole has filed a motion to compel the production of certain documents by the City. Specifically, the parties are at issue as to two requests that combine to seek any and all correspondence and documents relating to the Executive Summary and/or Report (hereinafter referred to as "the Report") prepared by Christie E. Lopez and Kelli M. Evans of Independent Assessment & Monitoring, LLP ("IAM"), which Defendant Poole alleges the City commissioned in response to the Barmore shooting. The City has included a number of documents otherwise subject to this request in a privilege log, and argues they are covered by Rule 26(b)(4)(D), the work product doctrine, the self-critical analysis privilege, and the

deliberative/executive process privilege. Defendant Poole contends the information is not covered by any discovery doctrine or privilege and should be turned over pursuant to its request.

As with any discovery motion, the court will first determine whether the information requested appears reasonably calculated to lead to the discovery of admissible evidence. Defendant Poole has requested background documents and correspondence concerning an investigation of the event at the center of this case. The publicly released Report resulting from the investigation addressed Defendant Poole's actions that relate to this lawsuit. The court finds that documents and communications related to the investigation are relevant under Rule 26.

The City has refused to turn over the documents on the basis of a number of privileges. The parties' briefs before the court have focused on the discovery limitations contained in Rule 26(b)(4)(D). This rule operates similar to the work product doctrine, and states that:

> "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."

FED. R. CIV. P. 26(b)(4)(D). The court notes that it is not clear from the language of the rule that the requested discovery would be covered. Defendant Poole seeks documents or correspondence related to facts or opinions that were ultimately released and published in a public report. On its face, Rule 26(b)(4)(D) pertains to facts known or opinions held by an expert and obtained through interrogatories or depositions. Here, the facts or opinions have already been released in a process unrelated to this litigation and Defendant Poole is seeking documents or tangible things. Thus, it is unclear to the court that documents related to publicly released expert facts or opinions fall within the parameters of the non-testifying expert discovery exemption, or whether the City's theory is reliant on the work-product doctrine codified in Rule 26(b)(3).

Assuming that the documents might be covered by either Rule 26(b)(4)(D) or Rule 26(b)(3), the court will address the parties' contentions as to whether the documents sought were created by experts in anticipation of litigation or to prepare for trial, as is required for Rule 26(b)(4)(D) or the work-product doctrine to apply. The party claiming the privilege or qualified immunity from discovery has the burden of showing that the requested materials were created in anticipation of litigation. *See McNally Tunneling Corp. v. City of Evanston*, 2002 WL 59115, at *2 (N.D. Ill. Jan. 14, 2002). The Seventh Circuit has further defined "in anticipation of litigation" to mean that "the document[s] can fairly be said to have been prepared or obtained because of the prospect of litigation. *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). The "primary motivating purpose" for the creation of the documents must be to aid in litigation. *Id.*

To the extent the City foresaw the possibility of litigation based upon the circumstances, and commissioned its expert report accordingly, the court must determine whether the information sought is related solely to the experts' litigation services, or whether it is related to non-litigation services. *McNally*, 2002 WL 59115 at *2. An investigation may have the dual purpose of determining the cause of an incident and potential internal remedies, while at the same time preparing to defend subsequent lawsuits. *See, e.g., Caremark, Inc. v. Affiliated Computer Services, Inc.*, 195 F.R.D. 610 (N.D. Ill. 2000); *In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989*, 133 F.R.D. 515 (N.D. Ill. 1990). Where documents would have been prepared in the same way even if no lawsuit was ever filed, they are not covered by the work product doctrine. *Air Crash*, 133 F.R.D. at 520.

The court finds that most or all of the documents sought by Defendant Poole do not appear to have been produced for the primary motivating purpose of aiding in litigation. The City's press release from September 21, 2009 announced the retention of IAM to conduct an Administrative Review and implied that the City would use the results of the review to determine whether formal administrative action was warranted. The press release also stated that IAM would "identify use of force related systems, policies,

practices, procedures and training that may need to be modified or implemented to strengthen police-community relations." (Def. City of Rockford's Resp. to Def. Poole's Mot. to Compel, Dkt. No. 61, Ex. 6, p. 1.) When announcing the retention of IAM, the City's Mayor focused primarily on the ways that IAM's independent review would help to analyze and improve the Rockford Police Department. (Def. City's Resp., Ex. 6, p. 2.) Further, the City chose to release the Report to the public. By releasing the facts gathered and opinions held by IAM, and publicizing them as a method by which the City's Police Department would improve, the City indicated that it did not, at that time, consider IAM to be an expert retained with a primary motivating purpose of preparing for litigation.

Further, the non-testifying expert discovery exemption is not a privilege, but rather, is based on the concept of unfairness. *See Ludwig v. Pilkington North America, Inc.*, 2003 WL 22242224 (N.D. Ill. Sept. 29, 2003). The purpose of Rule 26(b)(4)(D) is to shield the facts or opinions of experts retained at the expense of one party in anticipation of litigation from discovery and use by an adversarial party. In essence, the doctrine exists to ensure that a party cannot freely benefit from expert legal information obtained at the expense of an adversarial party in anticipation of litigation. Counsel for the City represented Defendant Poole in this case until it withdrew as his counsel on July 28, 2010. At the time of their withdrawal, counsel for the City represented that it had a conflict in continuing to represent Defendant Poole. To the court's knowledge, the City is continuing to pay for Defendant Poole's private counsel. These are not adversarial parties. It is unclear how, at the time this litigation commenced, the City could have believed that the documents and correspondence related to IAM's investigation were prepared in anticipation of litigation, but were not discoverable as to Defendant Poole. If this were true, the City's conflict of interest in representing him should have been evident at that time. This is underscored by the City's suggestion that IAM's report was used in determining the appropriate administrative discipline for Defendant Poole, and could be used in any litigation resulting therefrom. The court finds it would violate principles of fairness for the City, whose counsel withdrew from representing Defendant Poole's interests in this litigation, to now deny him access to documents he believes are relevant to his defense because the City claims the documents were created with the primary motivating purpose of defending this litigation.

The court is not persuaded that the additional privileges and/or exemptions put forth by the City are applicable. In addition to Rule 26(b)(4)(D), the City listed the work-product doctrine, the self-critical analysis privilege, and the deliberative/executive process privilege in its privilege log and in its response to Defendant Poole's motion. Though it would be the City's burden to prove their applicability, it did not present arguments in support of their application. The court finds that the elements required for each doctrine or privilege to apply do not appear to be present under the circumstances of this case.

In summary, the court is not persuaded that any of the discovery doctrines or privileges asserted by the City apply to Defendant Poole's discovery requests. The court finds that the correspondence and documents relating to the report prepared by IAM were not presumptively prepared in anticipation of litigation. The court also finds that the City has not carried its burden of showing that the claimed doctrines and privileges apply to this situation. Therefore, Defendant City of Rockford is to respond to Request Numbers 9 and 10 from Defendant Poole's Requests for Production of Documents within a reasonable time not to exceed 28 days.

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|