# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 50240 | DATE | 3/19/2012 |
| CASE TITLE | Kingdom Authority, et al. vs. City of Rockford, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the Rule 12(c) motion in part and denies it in part.

*Philip G. Reinhard*

■ [ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

Defendants, Oda Poole, Stanton North, and the City of Rockford, pursuant to Fed. R. Civ. P. 12(c), filed a motion for judgment on the pleadings as to Counts I, II, IV, and IX of plaintiffs' complaint.[1] Plaintiffs have responded, and defendants have filed a reply.

Defendants contend that they are entitled to a judgment on the pleadings as to Counts I, II, and IV because each of those counts, while referring to 42 U.S.C. § 1983, are actually state-law claims which cannot provide the basis for a § 1983 action. Plaintiffs respond that the claims in Counts I, II, and IV are properly brought as state-law claims under supplemental jurisdiction as provided for in 28 U.S.C. § 1367.[2]

Parties are permitted under Rule 12(c) to move for a judgment on the pleadings after the complaint and answer have been filed. Buchanan-Moore v. County of Milwaukee, 570 F. 3d 824, 827 (7th Cir. 2009). A Rule 12(c) motion is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). Buchanan-Moore, 570 F. 3d at 827. Thus, to survive a Rule 12(c) motion, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. Cambridge Healthcare, LLC v. Infinity Home Health Services, 2011 WL 2294196, * 2 (N.D. Ill. June 9, 2011); Wierciszewski v. Granite City Illinois Hospital Co., LLC, 2011 WL 1615191, * 2 (S.D. Ill. April 28, 2011).

Applying this standard to the claims in Counts I, II, and IV, it is apparent that the claims are based on state-law notwithstanding their reference to § 1983. The gist of the claims in each of those counts does not refer to any Federal right. As such, the claims in Counts I, II, and IV do not set forth a plausible claim for relief under § 1983. See Buchanan-Moore, 570 F. 3d at 827 (a claim for relief under § 1983 requires, among other things, an allegation of a deprivation of a right secured by the United States Constitution or law of the United States). Thus, to the extent the claims in Counts I, II, and IV can be read to allege a claim under § 1983, defendants are entitled to a judgment on the pleadings as to each of those counts.[3] That being said, plaintiffs assert that their intent was to allege state-law claims only in Counts I, II, and IV. To the extent those counts do in fact allege state-law claims, as discussed above, the motion for judgment on the pleadings is denied.[4] The only remaining federal claim, which is pursuant to § 1983, is for false imprisonment in Count III;[5] thus Counts I, II, and IV and the other remaining counts are supplemental state-law claims.

**STATEMENT - OPINION**

  That leaves the Rule 12(c) motion as to Count IX. Defendants contend that Count IX fails to state a claim because it seeks purely economic damages which are not recoverable in tort under the Illinois case of Moorman Manufacturing Co. v. National Tank Co., 91 Ill. 2d 69 (1982). Plaintiffs offer no direct response to this contention, a practice not particularly helpful to the court.

  While it is not entirely clear from the relatively terse allegations of Count IX, it appears that plaintiffs are asserting some sort of claim of tortious interference with a business expectancy.[6] If that is the case, the Moorman doctrine does not apply. See Creemens, Holloman, Sibert, Inc. v. AB Volvo, 349 F. 3d 376, 398 (7th Cir. 2003). Nor is there any other basis to apply the Moorman doctrine as to Count IX. Therefore, the court denies the motion for judgment on the pleadings as to Count IX.[7]

  For the foregoing reasons, the court grants the Rule 12(c) motion in part as to Counts I, II, and IV, denies it in part as to those counts, and also denies it as to Count IX.

1. Poole filed and briefed the motion originally, and the other plaintiffs, who joined the motion later, have not filed their own briefs.

2. This contention does not squarely respond to defendants' argument as to these three counts.

3. Plaintiffs assertion that those claims are based purely on state-law despite their reference to § 1983 is curious as other claims in the complaint are in fact labeled as state-law claims and do not refer to § 1983.

4. This result is also proper under Rule 12(f), which allows the court on its own motion to strike any immaterial matter from a complaint. Considering plaintiffs' concession that the claims in Counts I, II, and IV are not Federal, the reference to § 1983 becomes immaterial and is stricken on that basis as well.

5. Count III, while pleading a § 1983 claim for false arrest, may at a later stage of the proceedings be shown to lack sufficient facts to support a federal claim. If so, the court would potentially be deprived of federal jurisdiction as all federal claims would have been eliminated from the case.

6. Because plaintiffs have failed to respond to defendants' Rule 12(c) motion as to Count IX, they have waived any opportunity to argue later that they are seeking any sort of relief that would in fact be barred by the Moorman doctrine.

7. Of course, defendants are not prohibited from later challenging Count IX, or any other count, pursuant to a motion under Rule 56 if appropriate.