## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50240 | **DATE** | 3/14/2013 |
| **CASE TITLE** | Kingdom Authority International Ministries, Inc., et al vs. The City of Rockford, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion for judgment on the pleadings as to the counter-complaint [#160] against Brown and Kingdom.

*Philip G. Reinhard*

■[ For further details see text below.]  Electronic Notices.

### STATEMENT - OPINION

  Counter-plaintiffs, Oda Poole and Stan North, filed a second amended counter-complaint against counter-defendants, Melvin Brown and Kingdom Authority International Ministries, Inc. (Kingdom), alleging defamation under Illinois law against Brown (Count I) and defamation via respondeat superior against Kingdom (Count II).[1] Counter-defendants have moved, pursuant to Fed. R. Civ. P 12(c),[2] for judgment on the pleadings as to both counts of the counter-complaint. Counter-plaintiffs have responded.

  When considering a motion to dismiss a counter-complaint, a court employs the same standard that applies to claims in the main complaint. The Cincinnati Specialty Underwriters Ins. Co. v. DMH Holdings, LLC, 2013 WL 683493, *2 (N.D. Ind. Feb. 22, 2013) (citing Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc., 250 F. 3d 570, 574 (7th Cir. 2001)). Thus, a court must accept all of the well-pleaded factual allegations in the counter-complaint as true and construe all reasonable inferences therefrom in the light most favorable to the non-moving party. DMH Holdings, Inc., at *2. To survive a motion to dismiss, the counter-complaint must plead enough facts to state a claim to relief that is plausible on its face. DMH Holdings, Inc., at *2. The factual allegations must be enough to raise a right to relief above the speculative level. DMH Holdings, Inc., at *2. Further, in assessing a claim for defamation under Illinois law, the pleading standards under the Federal Rules of Civil Procedure apply as opposed to the heightened pleading standard under Illinois law for such claims. Knafel v. Chicago Sun-Times, Inc., 413 F. 3d 637, 641 (7th Cir. 2005).

  In Illinois, defamation is the publication of any statement that tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him. Madison v. Frazier, 539 F. 3d 646, 652-53 (7th Cir. 2008). To establish a defamation claim, the plaintiff must show that the defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered resulting damages. Madison, 539 F. 3d at 653. Some statements are considered defamatory per se because they are so obviously and materially harmful to a plaintiff that his injury may be presumed. Madison, 539 F. 3d at 653.

  Illinois recognizes five categories of statements that are actionable per se. Madison, 539 F. 3d at 653.

**STATEMENT - OPINION**

Only one of those, a crime punishable by imprisonment, see <u>Muzikowski v. Paramount Pictures Corp., SFX</u>, 322 F. 3d 918, 926 (7th Cir. 2003), is at issue in this case.

Certain factors, however, may render otherwise defamatory statements nonactionable as a matter of law. <u>Madison</u>, 539 F. 3d at 653. Thus, if a defendant's statements are capable of an innocent, non-defamatory construction a plaintiff cannot maintain an action for defamation per se. <u>Madison</u>, 539 F. 3d at 653. Further, the First Amendment affords protection from liability for the expression of opinions that do not misstate actual facts. <u>Madison</u>, 539 F. 3d at 653. Additionally, a public figure plaintiff may hold a defendant liable for defamatory statements only if he establishes actual malice. <u>Madison</u>, 539 F. 3d at 657.

Here, counter-defendants rely on the exception to liability afforded the expression of opinion. Statements that cannot reasonably be interpreted as stating actual facts are protected under the First Amendment. <u>Madison</u>, 539 F. 3d at 654. Such opinions cannot give rise to a cause of action for defamation in the interest of assuring that public debate will not suffer for lack of imaginative expression or rhetorical hyperbole which add to the discourse of our Nation. <u>Madison</u>, 539 F. 3d at 654.

The Illinois Supreme Court considers several non-exclusive factors in determining whether a statement constitutes fact or opinion: (1) whether the statement has a precise and readily understood meaning; (2) whether the statement is verifiable; and (3) whether the statement's literary or social context signals that it has factual content. <u>Madison</u>, 539 F. 3d at 654. A false assertion of fact can be defamatory even when couched within an apparent opinion or rhetorical hyperbole. <u>Madison</u>, 539 F. 3d at 656. Whether a statement is an opinion or fact is a question of law. <u>Madison</u>, 539 F. 3d at 654.

In this case, counter-plaintiffs allege that Brown made several factual statements that they had committed murder, both past and present, and that they were murderers. Clearly, such statements are defamatory per se under Illinois law and the allegations state a cause of action provided the statements are not on their face expressions of opinion.

The key statements alleged to have been made by Brown are that counter-plaintiffs "shot [Barmore] point blank, that is murder;" that "it was murder, murder, murder. Quote me, quote me, murder, murder;" Poole has "murdered before;" and that both counter-plaintiffs "are murderers." While there can be no doubt that Brown made these strong and accusatory statements in the context of an emotional situation for both himself and the community, there is equally no doubt that such statements are factual as opposed to opinions.[3]

This conclusion is reinforced when the statements are viewed in light of the factors utilized by the Illinois Supreme Court to differentiate fact from opinion. The statements have a precise and readily understood meaning: that counter-plaintiffs committed a serious crime by intentionally and without lawful justification shooting and killing Barmore. Also, the statements are capable of being verified as either true or false. That is what this case is largely about. Further, the social context of such statements indicates they contain factual content as they were made with the expectation of a criminal and civil investigation. Therefore, the court finds that these allegations are base on factual statements as opposed to opinions.

Counter-plaintiffs also assert the statements by Brown are not actionable because counter-plaintiffs are public figures and have not properly alleged the actual malice necessary to state a claim for defamation.[4] To establish actual malice, a plaintiff must show: (1) the utterance was false; and (2) it was made with knowledge of its falsity or in reckless disregard of whether it was true or false. <u>Madison</u>, 539 F. 3d at 657. Reckless disregard is a subjective inquiry involving whether the defendant publicized the statements despite a high degree of awareness of their probable falsity or while entertaining serious doubts as to their truth. <u>Madison</u>, 539 F. 3d at 657-58.

Here, counter-plaintiffs allege that Brown made the statements "with actual knowledge of the falsity or reckless disregard for the truth or falsity." Such an allegation, combined with the other allegations regarding the circumstances under which the statements were made, including the allegation that Brown said "I know what I am saying. It was murder," is sufficient to state a claim based on actual malice. Of course, whether it can ultimately be established with evidence whether Brown had the subjective state of mind to

**STATEMENT - OPINION**

support a finding of actual malice is a question to be decided at a later stage of these proceedings. At this pleading stage, however, counter-plaintiffs have adequately stated their claim.

For the foregoing reasons, the court denies the motion for judgment on the pleadings as to the counter-complaint against Brown and Kingdom.

---

1. Counter-defendants do not contend that Brown made the alleged defamatory statements outside the scope of his employment. See counter-defendants' brief at p. 5 n. 3. Therefore, if the court finds that the allegations state a cause of action for defamation, the motion will necessarily be denied as to Kingdom as well.

2. A contention based on the failure to state a claim upon which relief can be granted (Rule 12(b)(6)) may be raised pursuant to a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B); Alioto v. Town of Lisbon, 651 F. 3d 715, 718 (7th Cir. 2011). Further, the standard for evaluating such a Rule 12(c) motion is the same as that applied to a motion under Rule 12(b)(6). McMillan v. Collection Professionals, Inc., 455 F. 3d 754, 757 n. 1 (7th Cir. 2006).

3. The alleged statement that if citizens were to be stopped by counter-plaintiffs that they "might murder them at any time" is, on the other hand, a classic example of opinion or rhetorical hyperbole.

4. Counter-defendants do not contend that they are not public figures. Therefore, the court will not address that question.