IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kingdom Authority International Ministries, Inc., et al. | ) ) ) | |
| | ) | Case No. 09 C 50240 |
| Plaintiff | ) ) | |
| vs. | ) ) | |
| The City of Rockford, et al. , | ) ) | Judge Philip G. Reinhard |
| Defendant | ) ) | |

**ORDER**

      For the reasons stated below, Count III is dismissed under Rule 41(a)(2) with the condition that the plaintiffs' are forever barred from pursuing a Section 1983 claim against defendants arising from the events that are the subject of this lawsuit. If plaintiffs object to the imposition of this condition, they shall file written notice of said objection on or before August 1, 2013, the dismissal will be vacated, and this case will then proceed on the pending summary judgment motions. If no objection is filed by plaintiffs, then, effective August 2, 2013, this order disposes of all claims over which the court had original jurisdiction. The court declines to exercise supplemental jurisdiction over the remaining state claims which are dismissed without prejudice. The court likewise relinquishes jurisdiction over the state law counterclaims brought by Poole and North against plaintiffs Melvin Brown and Kingdom Authority International Ministries, Inc. The counterclaims are dismissed without prejudice. All pending motions are moot. This case is terminated as of August 2, 2013.

**STATEMENT - OPINION**

      Plaintiffs move to dismiss Count III of their complaint against defendants, City of Rockford, Stan North and Oda Poole pursuant to Fed. R. Civ. P. 41(a)(2) and ask the court to decline to exercise supplemental jurisdiction over the remaining state law claims so that they may proceed in state court on the state law claims. Defendants oppose the motions. Beatrice Smith-Owens, Portia Adams as mother and next friend of Da'Trevion Douglas, a minor, Angelica Gelacio, as mother and next friend of Darea Dashay Kinard, a minor and Shatwoni M. Kinard a minor, Jessica DeJesus I as mother and next friend of Darrious Coleman, a minor and Freeman Hubbard, a minor, Shelena Houston as mother and next friend of De'Jah Boston, a minor, Sabrina Mustin as mother and next friend of Jonasisha Cooper, a minor, Jeramie Locke as father and next friend of Alexia Locke, a minor, and Jamie Whiles as mother and next friend of Jayson Price, a minor ("Saulter Plaintiffs") are represented by attorney Keenan Saulter. They filed their

motion to dismiss [218] on April 24, 2013. Plaintiffs Kingdom Authority International Ministries, Inc., Melvin Brown, Sheila Brown and Marissa Brown filed their motion to dismiss [229] on July 1, 2013.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The court reads the plaintiffs' motions as an acknowledgment that they wish to abandon forever any federal claim arising from the incidents giving rise to this lawsuit. They are not asking the court to dismiss this claim without prejudice. They simply want to proceed in state rather than federal court on their remaining supplemental state law claims. Accordingly, the court grants the plaintiffs' motions to dismiss the Section 1983 claim pled in Count III. As a condition to this dismissal under Rule 41(a)(2), the plaintiffs' are forever barred from pursuing a Section 1983 claim against defendants arising from the events that are the subject of this lawsuit.

A district court may decline to exercise supplemental jurisdiction over state claims where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). The dismissal of Count III means all claims over which the court had original jurisdiction have been dismissed. "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits." Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010) (internal quotation marks and citation omitted). Relinquishing jurisdiction over pendant state claims is the norm even when the federal claims are terminated via summary judgment. E.g. Davis v. Cook County, 534 F.3d 650, 654 (7th Cir. 2008). The presumption in favor of relinquishing jurisdiction "is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." RWJ Management Co., Inc. v. BP Products North America, Inc., 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks and citation omitted). In RWJ Management, the district court relinquished jurisdiction over supplemental state claims two business days ahead of the start of a scheduled two week trial. Id. at 481. The nearness of the trial was insufficient to overcome the presumption in favor of relinquishing jurisdiction. Id. at 482.

There are certain circumstances that may displace the presumption: "(1) the statute of limitations has run on the pendant claim, precluding the filing of a separate suit in state court: (2) substantial judicial resources have already been committed, so that sending the case to another court will cause substantial duplication of effort; or (3) when it is absolutely clear how the pendant claims can be decided." Id. at 480.

In opposing the relinquishment of jurisdiction, defendants focus on the judicial resources, and the time and resources of the parties already expended. They note the court's prior ruling on a motion to dismiss, the fact the case has been pending for over three years, the tens of thousands of pages of discovery and over fifty depositions. However, in RWJ Management, the court had "held 35 hearings, considered 70 motions and issued 45 orders." Id. The court had considered summary judgment motions and entered a tentative ruling on those motions. Id. at 479. "Evaluating considerations of judicial efficiency and duplication of judicial efforts is not just a matter of toting up months or motions or the page counts of judicial orders. Rather, concerns about judicial economy have there greatest force when significant federal judicial resources have already been expended to decide the state claims." Id. at 481.

Here, the court has not expended significant federal judicial resources to decide the state

claims. The magistrate judge has spent a significant amount of time managing discovery and this court has spent a modest amount of time on the same. (As an aside, much of this discovery would doubtlessly have occurred anyway due to the pendency of Barmore v. City of Rockford, 09 C 50236.) The court entered a short, two-page order on defendants' motion to dismiss, a two and a half page order on a motion for judgment on the pleadings on a counterclaim brought by Poole and North against two of the plaintiffs and miscellaneous short orders on various pre-trial matters. No time or resources have been expended to decide the state claims. Circumstances to displace the presumption in favor of relinquishing jurisdiction do not exist in this case.

Defendants ask that the dismissal of the federal claim be conditioned on plaintiffs' paying costs and reasonable attorneys' fees incurred by defendants in defending this case. However, the court declines to do so. Attorney's fees would not have been awarded if this matter had proceeded to decision on summary judgment on the federal claim. Further, the work done by defense counsel may be utilized in subsequent state-court litigation. Any conditions to be imposed are within the discretion of the court. See Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011). The court is satisfied the condition it is imposing is appropriate.

Based on the foregoing, Count III is dismissed under Rule 41(a)(2) with the condition that the plaintiffs' are forever barred from pursuing a Section 1983 claim against defendants arising from the events that are the subject of this lawsuit. If plaintiffs object to the imposition of this condition, they shall file written notice of said objection on or before August 1, 2013, the dismissal will be vacated, and this case will then proceed on the pending summary judgment motions. If no objection is filed by plaintiffs, then, effective August 2, 2013, this order disposes of all claims over which the court had original jurisdiction. The court declines to exercise supplemental jurisdiction over the remaining state claims which are dismissed without prejudice.[1] The court likewise relinquishes jurisdiction over the state law counterclaims brought by Poole and North against plaintiffs Melvin Brown and Kingdom Authority International Ministries, Inc. The counterclaims are dismissed without prejudice. All pending motions are moot. This case is terminated as of August 2, 2013.

Date: 7/25/2013                                                                                                           ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices.       (cjr)

---

[1] The plaintiffs captioned their motions as ones to dismiss Count III pursuant to Fed. R. Civ. P. 41 "and transfer jurisdiction over the remaining state court counts to the appropriate state court." However, dismissal rather than transfer is the appropriate action to be taken by this court. Plaintiffs can file their state claims in a new action in state court as allowed by federal, 28 U.S.C. § 1367(d), and/or state law, 735 ILCS 5/13-217.